UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LeROTHA J. WHITE, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 4:09CV01005 TIA |
| | ) |
| CARLYLE INVESTMENTS, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER AND MEMORANDUM**

This matter is before the Court upon the applications of LeRotha J. White and Carlos W. White for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the completed applications, the Court finds that plaintiffs are financially unable to pay any portion of the filing fee. Therefore, plaintiffs will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiffs seek injunctive and declaratory relief in this action against defendants Carlyle Investments and Doug Draper (landlord). Plaintiffs claim that defendants failed to take proper measures after water leaked into their living room and basement.

At the outset, the Court notes that plaintiffs have failed to state the jurisdictional grounds for filing this action in federal court. The Court will liberally construe the complaint as having been brought pursuant to 28 U.S.C. § 1332.[1] Plaintiffs state that they and defendant Carlyle Investments reside in the State of Missouri. As such, the Court concludes that complete diversity of citizenship is lacking and this action should be dismissed for lack of federal-court subject matter jurisdiction. See 28 U.S.C. § 1332.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motions for leave to proceed in forma pauperis [Docs. #2 and #4] are **GRANTED.**

---

[1] Plaintiffs do not claim, nor does it appear, that the instant action arises under the Constitution, laws, or treaties of the United States, and thus, federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable. In addition, the named defendants are not alleged to be state actors, and thus, there can be no cause of action under 42 U.S.C. § 1983.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

So Ordered this 10th Day of July, 2009.

*E. Richard Webber* (signature)

**E. RICHARD WEBBER**
**UNITED STATES DISTRICT JUDGE**